**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AFMS LLC, | No.  15-55778 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-05830- JGB-AJB |
| v. | |
| UNITED PARCEL SERVICE, INC.; FEDEX CORPORATION, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted March 8, 2017
Pasadena, California

Before:     REINHARDT, TASHIMA, and NGUYEN, Circuit Judges.

AFMS LLC ("AFMS") appeals the grant of summary judgment in favor of

Appellees United Parcel Service, Inc. ("UPS") and FedEx Corporation ("FedEx")

on AFMS' antitrust suit under § 1 of the Sherman Act, 15 U.S.C. § 1.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

         *         This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Summary judgment in an antitrust case is appropriate where the plaintiff fails to define a cognizable market. *See, e.g.*, *Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.*, 924 F.2d 1484, 1489 (9th Cir. 1991). AFMS proffers two market definitions: a market for "shipping consultation services" and a market for "rate negotiation." AFMS has attempted to construct markets that include solely itself, other third party rate consultants, UPS, and FedEx. They cannot, however, explain their exclusion of in-house shipping advisors, the U.S. Postal Service, regional carriers, or other types of shipping consultants. Further, it is highly questionable whether UPS and FedEx are participants in the market for "rate negotiation."[1] To establish antitrust standing, an antitrust plaintiff must participate in "the same market as the alleged malefactors." *Amarel v. Connell*, 102 F.3d 1494, 1508 (9th Cir. 1996) (quoting *Bhan v. NME Hosps., Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985)).

AFMS has failed to define a cognizable market or to show that both it and Appellees are participants in that market.

The district court's grant of summary judgment is

**AFFIRMED.**

---

[1] It seems highly implausible that a shipping company, such as UPS or FedEx, could "negotiate" with itself about the rates it would charge shippers.

*AFMS, LLC v. United Parcel Service Co.*, 15-55778

NGUYEN, Circuit Judge, concurring in the result:

The market definitions that AFMS advances are cognizable for antitrust

purposes. *See Yellow Pages Cost Consultants, Inc. v. GTE Directories Corp.*, 951

F.2d 1158 (9th Cir. 1991). However, AFMS failed to support its legal theories

with sufficient evidence to survive summary judgment.

AFMS was not required, as the district court suggested, to provide expert

testimony regarding the relevant market. *Cf. United States v. Pabst Brewing Co.*,

384 U.S. 546, 549 (1966) ("Certainly the failure of the Government to prove by an

army of expert witnesses what constitutes a relevant 'economic' or 'geographic'

market is not an adequate ground on which to dismiss a [Clayton Act § 7] case.").

The district court was within its discretion, however, in excluding Stuart Brotman's

proffered expert testimony, *see* Fed. R. Evid. 702; *Jinro Am. Inc. v. Secure Invs.,*

*Inc.*, 266 F.3d 993, 1001–04 (9th Cir. 2001), and had no obligation to consider

inadequately cited evidence in the voluminous record before it. *See Nilsson,*

*Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d

1538, 1545 (9th Cir. 1988).

1

*AMFS, LLC v. United Parcel Service, Inc.; Fedex Corporation*, No. 15-55778

REINHARDT, Circuit Judge, dissenting:

I respectfully disagree. I am not persuaded that plaintiff has failed to raise a genuine issue of fact as to the existence of a market regarding shipping consultation services, rate negotiations, and/or a combination of the two. *See Yellow Pages Cost Consultants, Inc. v. GTE Directories Corp.*, 951 F.2d 1158 (9th Cir. 1991); *Telecor Communications, Inc. v. Sw. Bell Tel. Co.*, 305 F.3d 1124, 1129, 1131 (10th Cir. 2002).